Curia,per Whitner, J.
This action is brought by an overseer against his employer, and is founded on a written agreement. The terms of the contract impose and assume reciprocal duties. The employer denies the right of the overseer to maintain his present suit, because the parties stipulated that “ should either become dissatisfied or wish to be off from the agreement, said Gardner (the overseer) shall receive what two disinterested persons shall agree for him to have, to be paid when the crop is sold.” The defendant became dissatisfied, terminated the agreement before the end of the year, and no estimate was made by disinterested persons, nor was there any offer to call in two disinterested persons, by either party, for that purpose. The question now raised *30 is, whether this stipulation devolved on the plaintiff, the one, or the other, as a condition precedent to his right of recovery.
Whether a condition be precedent depends much on the nature of the transaction and the meaning of the parties. Whether the mutual stipulations in a contract are, or are not, dependant one on another, and, therefore, whether or not an action lies for one party without previous performance, or offer to perform, the stipulations on his side, depends on the good sense of the case. (1 T. R. 633; 6 T. R. 570; 7 Id. 125.) Here the contract was complete for the general purpose, without this stipulation. If carried out fully, no reference would have been necessary to it whatever. It simply enables the party dissatisfied to terminate the contract before the end of the year, and thereupon provides a mode of easy and prompt adjustment. It was inserted, doubtless, for their mutual protection, if not mainly for the defendant’s security. But from the objection here urged, we must inquire what act is thereby stipulated to be performed by either of these contracting parties. In totidem verbis the plaintiff entered into no undertaking, on his part, specially to procure an estimate of two disinterested persons, even although the defendant became dissatisfied. He was bound to accept such an estimate, if made, and he too had a right to claim this mode of umpirage clearly. There.was a corresponding obligation, on the part of defendant, to pay according to the measure thus adopted, and he had an equal right to claim this tribunal. The failure on the part of plaintiff in no way excluded him or impaired his rights. Neither the nature of the transaction, nor th.e terms of the contract, indicate the party bound to act, though the benefits of this stipulation were evidently open to each party, and might have been availed by either. The refusal on a proper offer from either, would have placed the other in the wrong. It is very analagous to questions of notice ; wherever the circumstance which is alleged as the foundation of defendant’s liability is more properly within the knowledge or privity of plaintiff, he must aver and prove the notice. But where the matter does not lie more properly in the knowledge of one of the parties than the other, notice is not requisite. So here, *31 although the plaintiff may have secured for himself the benefit of having his compensation fixed by two disinterested persons, if he chose to waive that right and resort to the arbitrament of twelve instead of two disinterested persons, it is quite a sufficient answer to defendant’s motion, that, in his turn, he had the same resort, — was entitled to the same tribunal of two disinterested persons, — and, being the actor in the termination of the engagement, in point of obligation was the more bound to proceed to the next step, if desired. At least, neither having appealed to the court of their own creation, each may be well regarded as having waived his rights under this stipulation in the agreement; and hence must submit to the common tribunal of the country. The motion for nonsuit is refused.
O’Neall, EvaNs, Wardlaw, Frost and Withers, JJ. concurred.

Motion refused.